# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AMANI CYPHER EL, | No. CV 16-7013-JAK (PLA) |
| Petitioner, | **ORDER SUMMARILY REMANDING CASE TO STATE COURT** |
| v. | |
| LOS ANGELES POLICE DEPARTMENT, et al., | |
| Respondents. | |

## I.
## BACKGROUND

On September 19, 2016, Amani Cypher El ("petitioner"), purported to remove this criminal action from the Los Angeles County Superior Court (Criminal Division) by filing a "Legal Notice of Removal" ("Notice" or "Not.") with this Court. (ECF No. 1). Petitioner did not pay the filing fee or request to proceed in forma pauperis. Petitioner has filed the instant Notice "In Propria Persona, Sui Juris (not to be confused with nor substituted with Pro Se)." (Not. at 1).[1] No counsel for the named respondents has appeared before this Court to address the validity of petitioner's purported removal.

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers when referring to the Notice.

The documents submitted by petitioner are largely rambling and unintelligible, and relate primarily to his alleged status as an "Aboriginal Indigenous Moorish-American." (See generally Not. and Attachments).  As best the Court can determine, it appears that petitioner alleges he was unlawfully searched and detained by Los Angeles Police Department officers during an incident on August 26, 2016, which resulted in his being charged with criminal trespass, a misdemeanor, pursuant to California Penal Code § 602.5(a).[2]  (Not. at 3, 16).  The attached documents show that petitioner was required to appear at the Clara Foltz Criminal Justice Center in Los Angeles, on September 21, 2016.  (Not. at 17).  It is not known whether he did so.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the [removing party] always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam).  Federal courts must resolve all ambiguity in favor of remand.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

Moreover, the Court has a duty to "establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties [have] raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004) (citing Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 128 (3d Cir. 1998)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Whenever a state-court criminal prosecution is removed, the Court must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

---

[2] Indeed, it is not entirely clear whether petitioner is attempting to remove his misdemeanor "action" to this Court, or attempting to bring a complaint alleging civil rights violations against the named respondents.

In his Notice, petitioner appears to assert that removal of his criminal action[3] is proper under "Article II Section 2 for The United States Republic, and the several States, under the Constitution; Article VI; and reaffirmed by obligatory Official Oaths." (Not. at 1). Section 2 states, in relevant part, that "[t]he Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ." (U.S. Const. art. III, § 2; see also Not. at 1-2). Petitioner further asserts that "The Treaty of Peace and Friendship of 1836 A.D.," entered into between Morocco and the United States, provides that "If any of the Citizens of the United States, or any Persons under their Protection, shall have any disputes with each other, the Consul shall decide between the Parties, and whenever the Consul shall require any Aid or Assistance from our Government, to enforce his decisions, it shall be immediately granted to him." (Not. at 2 (internal quotation marks omitted)). He appears to contend, therefore, that because he is "a descendant of Moroccans and born in America," federal removal jurisdiction is available to him pursuant to the foregoing authorities. Petitioner is mistaken.

Under narrow and limited circumstances, state-court criminal prosecutions may be removed to federal court. Any officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces subject to criminal prosecution may remove such an action if it arises from acts done under color of such office or status. See 28 U.S.C. §§ 1442(a), 1442a. However, petitioner does not allege he is a federal officer being prosecuted for acts performed under color of such authority; thus, these statutes do not provide petitioner the right to remove this action.

Additionally, any criminal defendant may remove a criminal prosecution to federal court if he seeks to -- and, because of state law, cannot -- assert a defense to the prosecution based on federal

---

[3] Title 28 U.S.C. §§ 1441(a) and 1446 apply on their face only to removal of *civil* actions by defendants in a state action. See, e.g., 28 U.S.C. § 1446(a) (requiring any defendant "desiring to remove any *civil* action" to file a signed notice of removal (emphasis added)); § 1446(b)(2) (requiring the notice of removal "of a *civil* action or proceeding" to be filed within thirty days after the *civil* suit is initiated (emphasis added)); § 1446(d) (requiring a removing defendant to provide written notice to adverse parties of removal "promptly after the filing of such notice of removal of a *civil* action" (emphasis added)). Here, however, petitioner is attempting to remove a criminal action. (See Not. at 1, 3). Accordingly, these civil-action removal statutes do not authorize removal of this criminal action.

laws protecting equal civil rights. See 28 U.S.C. § 1443; Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). A petition for such a removal must satisfy a two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966), and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). It must assert (1) "'as a defense to the prosecution, rights that are given to [the petitioners] by explicit statutory enactment protecting equal racial civil rights,'" and (2) that such rights cannot be enforced because of "'a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" Patel, 446 F.3d at 998-99 (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). Here, petitioner has not alleged a defense to the underlying misdemeanor prosecution arising from statutory enactments protecting equal racial civil rights and, in any event, he has pointed to "no formal expression of state law that prohibits [him] from enforcing [such] civil rights in state court[.]" Id. at 999. Accordingly, petitioner may not rely on the removal provisions of § 1443. See Peacock, 384 U.S. at 832 (petitioners alleged they were entitled to remove their criminal misdemeanor proceedings to federal court based on their race and their belief they would be unable to obtain a fair trial in the state court; the Supreme Court deemed this a "strained interpretation of § 1443(1)" and noted if this interpretation were to prevail, "every criminal case in every court of every State -- on any charge from a five dollar misdemeanor to first-degree murder -- would be removable . . . upon a petition alleging (1) that the defendant was being prosecuted because of his race and that he was completely innocent of the charge brought against him, or (2) that he would be unable to obtain a fair trial in the state court").

Whenever a state-court criminal proceeding is removed to federal court, the notice of removal must include all grounds for such removal. 28 U.S.C. § 1455(a), (b)(2). Petitioner's Notice does not identify any statute or other authority empowering petitioner to remove this criminal action from the state court and, notwithstanding the "Treaty of Peace and Friendship" between Morocco and the United States, petitioner's ethnic background does not confer such authority. Petitioner has therefore failed to satisfy his burden of establishing that the Court has subject-matter jurisdiction over this action. Moreover, petitioner may not cure this deficiency by filing a second notice of removal stating additional grounds justifying removal. "A failure to state grounds that exist at the time of the

4

filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice." 28 U.S.C. § 1455(b)(2). Thus, even to the extent that petitioner could cure his defective notice of removal by providing authority for removal of this criminal action (and it does not appear that any such authority exists), he has now waived the opportunity to do so.

Accordingly, petitioner has not established a proper basis for removal, and the Court lacks jurisdiction to consider his claim.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1455(b)(4), this matter is summarily **remanded** to the Los Angeles County Superior Court, for all further proceedings.

DATED: September 27, 2016

HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE